UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN T. NEWLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00137-ALT |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Frank Bisignano, Commissioner of the Social Security Administration*,[1] | ) ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

On June 23, 2025, after *pro se* Plaintiff Justin Newland failed to appear for several Court hearings or comply with Court deadlines, Magistrate Judge Susan Collins ordered Newland to show cause on or before July 14, 2025, why this case should not be summarily dismissed for his failure to prosecute it. (ECF 33). The July 14, 2025, deadline has now come and gone, and Newland has failed to show cause. Therefore, this case will be dismissed in accordance with Magistrate Judge Collins's June 23, 2025, Order.

### *A. Factual and Procedural Background*

Newland, via counsel, filed this case against Defendant Commissioner of Social Security on March 29, 2024, appealing Defendant's denial of his application for disability benefits. (ECF 1). After the Court noted that Newland failed to timely file his opening brief (ECF 14), Newland's counsel sought to withdraw from the case, citing an irretrievable breakdown of the

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La'Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at *n.2 (S.D. Ind. May 15, 2025).

attorney-client relationship in that Newland was refusing counsel's attempts to communicate with him about this case. (*See* ECF 15, 18-21).

On November 6, 2024, Magistrate Judge Collins held a telephonic hearing on the motions to withdraw, at which Newland, his counsel, and Defendant's counsel appeared telephonically. (ECF 23). Newland informed the Court that he had no objection to his counsel's withdrawal and that he would be retaining new counsel. (ECF 23). Magistrate Judge Collins granted the motions to withdraw, stayed the case for thirty days to allow Newland time to retain new counsel, and set a telephonic status conference for December 11, 2024. (*Id.*). Newland advised the Court of his present address during the hearing, and a copy of the docket entry setting the status conference was mailed to him at that address after the hearing. (*Id.*). The mailing, however, was later returned as undeliverable. (ECF 24).

At the December 11, 2024, status conference, Defendant's counsel appeared, but Newland did not. (ECF 25). Consequently, Magistrate Judge Collins set a show-cause hearing and status conference for January 14, 2025, ordering Newland to appear in person. (*Id.*). The Court sent a copy of the docket entry setting the hearing and status conference to Newland at his address of record. (*Id.*).[2] The Court also sent Newland a Notice and Order on December 13, 2024, warning him that additional sanctions may issue, including monetary fines and dismissal of his case, if he failed to timely appear in person at the January 14, 2025, hearing and status conference. (ECF 26).

At the January 14, 2025, hearing and status conference, Defendant's counsel appeared, but Newland did not. (ECF 28). Therefore, Magistrate Judge Collins reset the show-cause hearing and status conference for February 18, 2025, ordering Newland to appear in person.

---

[2] This mailing, too, was later returned as undeliverable. (ECF 27).

(*Id.*). A copy of the docket entry setting the hearing and status conference was mailed to Newland at his address of record. (*Id.*).

Newland and Defendant's counsel telephonically appeared at the February 18, 2025, hearing and status conference, at which Magistrate Judge Collins addressed Newland's prior failures to appear. (ECF 29). Newland confirmed that his address of record was correct and advised that he had retained new counsel for another social security case. (*Id.*). Magistrate Judge Collins set another status conference for March 19, 2025, and instructed Newland to inform his new counsel about this case. (*Id.*). A copy of the docket entry setting the status conference was mailed to Newland at his address of record. (*Id.*).

Newland appeared *pro se* at the March 19, 2025, telephonic conference; Defendant's counsel also appeared. (ECF 30). Newland had been unable to retain new counsel and requested more time to do so; he also provided the Court with a new mailing address. (*Id.*). Magistrate Judge Collins lifted the stay of the case and ordered Newland to file his opening brief on or before May 20, 2025. (*Id.*). A copy of the docket entry setting the deadline was mailed to Newland at his new address of record. (*Id.*).

On May 27, 2025, Magistrate Collins entered an Order noting that Newland's opening brief was overdue and affording him one final extension to and including June 10, 2025, to file the opening brief. (ECF 31). The Order advised Newland that if he failed to file his opening brief by that date, the Court would consider him to have abandoned this case. (*Id.*). A copy of this text Order was sent to Newland at his address of record. (*Id.*; ECF 32).

On June 23, 2025, the Court entered an Order stating that it appeared Newland had abandoned this case and affording him one final opportunity to show cause by July 14, 2025, why this case should not be dismissed for failure to prosecute it. (ECF 33). Newland was cautioned that if he did not respond by the deadline, his case may be dismissed without further

notice. (*Id.*). The Order was later returned as undeliverable, and Newland has not responded to the Order. (ECF 35).

### B. Applicable Law

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . ((A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. Further, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

### C. Discussion

Here, despite Magistrate Judge Collins's Orders, Newland has failed to appear at two Court proceedings (ECF 25, 28) and failed to file his opening brief by relevant deadlines (ECF 14, 31). Further, Newland failed to respond to Magistrate Judge Collins's most recent Order affording him to July 14, 2025, to show cause why this case should not be dismissed. (ECF 33).

This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, the undersigned Magistrate Judge finds that Newland's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), Magistrate Judge Collins explicitly warned Newland in the Notice and Order dated December 13, 2024, that his claims may be dismissed if he failed to appear at the January 14, 2025, show-cause hearing (ECF 26). Magistrate Judge Collins warned Newland again on May 27, 2025, that she would consider he was abandoning this case if he did not file his opening

5

brief by June 10, 2025. (ECF 31). Most recently, on June 23, 2025, Magistrate Judge Collins gave Newland one final opportunity to show cause on or before July 14, 2025, why this case should not be dismissed. (ECF 33); *see Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the proceedings, including her failure to maintain contact with the Court, either by accepting mail sent to the address she provided or by updating her contact information."). As such, Newland has been adequately warned of the possibility of dismissal of this case.

In that regard, that some Court mailings to Newland have been returned as undeliverable is not grounds to delay dismissal of this action. (*See* ECF 24, 27, 35). "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (citation omitted). "[L]itigants . . . bear the burden of filing notice of a change of address . . . ." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (citation and quotation marks omitted). As explained in Magistrate Judge Collins's June 23, 2025, Order, even if Newland's address of record is no longer current, he could have "attempt[ed] to determine the status of this case by visiting the Clerk's office or by checking the online docket . . . ." (ECF 33 at 1).

### *D. Conclusion*

For the foregoing reasons, the Court concludes that Plaintiff Justin Newland has abandoned this appeal of Defendant's denial of his social security application. Accordingly, Newland's case is DISMISSED with prejudice pursuant to Federal Rules of Civil Procedure

16(f)(1) and the Court's inherent power to manage its own affairs as a result of Newland's failure to prosecute his case.

SO ORDERED.

Entered this 24th day of July 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge